**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: EXTENDED STAY HOTEL ANTITRUST LITIGATION | Lead Case No.: 1:24-cv-06324 Member Case No.: 1:24-cv-08262 Honorable Georgia N. Alexakis |

**DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR
MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

Defendants Integrated Decisions and Systems, Inc. ("IDeaS"), SAS Institute Inc., Hilton

Domestic Operating Company Inc., Hyatt Corporation, and Wyndham Hotels & Resorts, Inc.,

respectfully submit this reply memorandum in further support of their motion to transfer the above-

captioned Action[1] to the Northern District of California.[2]

**INTRODUCTION**

Plaintiffs' own description of the crux of this Action—that "Hotel Defendants," along

with IDeaS and SAS, "violated the Sherman Act by conspiring to fix, raise, or stabilize the prices

and supply of extended stay hotel guest rooms with a pricing algorithm product called G3 RMS"

(Opposition ("Opp.") at 2)—confirms that this Action is substantively analogous to the

California Actions. (*See* Mot. Ex. D (California Complaint) ¶ 1 ("Defendants agreed, conspired,

and/or combined to fix, raise, and stabilize hotel room rental prices . . . in violation of Section 1

---

[1] Capitalized terms not defined herein have the same meaning as noted in Movants' opening brief (the "Motion" or "Mot.").

[2] Between the filing of the Motion and this reply, Plaintiffs filed a Consolidated Amended Complaint that substituted (1) Hilton Domestic Operating Company Inc. in place of Hilton Worldwide Holdings Inc. and (2) Hyatt Corporation in place of Hyatt Hotels Corporation. (*See* ECF No. 93.)

of the Sherman Act . . . through a shared pricing algorithm developed by [IDeaS and SAS].").)

Where, as here, "[b]oth cases involve similar issues and stem from the same factual basis," it is

"wasteful of time, energy and resources to permit both to go on simultaneously." *Dean Foods*

*Co. v. Eastman Chem. Co.*, 2000 WL 1557915, at \*5 (N.D. Ill. Oct. 19, 2000). Indeed, transfer

of this Action would serve to heed the Supreme Court's guidance that "the purpose of [Section

1404(a)] is to prevent the waste of time, energy and money and to protect litigants, witnesses and

the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S.

612, 616 (1964) (internal quotation marks omitted).

In a bid to avoid transfer, Plaintiffs' Opposition attempts to manufacture "substantial

differences" between this Action and the California Actions. But the distinctions Plaintiffs

emphasize—classes, defendants, and geographic markets that substantially overlap, even if not

precisely identical—are immaterial to the overall legal theory and underlying factual allegations

in each Action and will not affect the ultimate efficiencies that will be gained through transfer.

As Defendants demonstrated in their Motion, the overlap in legal theories, factual

allegations, and anticipated discovery in both this Action and the California Actions strongly

warrant transfer to the Northern District of California. Not only is the Northern District of

California a more convenient venue to litigate this Action, but the interests of justice and

considerations of conserving scarce judicial resources weigh in favor of transfer.

## ARGUMENT

### I.     The Northern District of California Is a More Convenient Venue

As the Motion established, it will be substantially more convenient for a number of

parties and witnesses if the Court transfers this Action to the Northern District of California.

(*See* Mot. at 5, 8-9.) Plaintiffs' argument in response—that this District is a more convenient

venue to litigate this Action for *one* named Plaintiff and a *single* Defendant (Opp. at 4-5)—fails.

*Plaintiffs' choice of forum is discounted in a nationwide class action.* As explained in the Motion, in the context of a putative *nationwide class action* such as this one—where Plaintiffs have tried to allege conduct by geographically disparate defendants purportedly causing injuries to a nationwide class of consumers—a plaintiff's choice of forum is given little weight. (Mot. at 6-7; *see also AL & PO Corp. v. Am. Healthcare Cap., Inc.*, 2015 WL 738694, at *2 (N.D. Ill. Feb. 19, 2015) (citing cases in support of the point that "[s]everal courts in this district have discounted [] deference [to a plaintiff's choice of forum] in putative nationwide class actions").) In response, Plaintiffs make two primary arguments: (i) ignoring the caselaw to the contrary in the context of a *nationwide class action*, they argue that a plaintiff's choice of forum is generally entitled to deference; and (b) that the Action is more convenient for one Illinois-based named Plaintiff, despite the fact that the remaining named Plaintiffs are based in other states (including two in California). Both arguments are unconvincing.

First, none of Plaintiffs' cited cases grant deference to a plaintiff's choice of forum where, as here, the operative complaint includes plaintiffs from across the country who purport to represent a nationwide class. (*See* Opp. at 6 (citing *Allstate Ins. Co. v. Ameriprise Fin. Servs., Inc.*, 317 F. Supp. 3d 1006 (N.D. Ill. 2018) (not a class action); *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662 (7th Cir. 2003) (same); *Fahy v. Minto Dev. Corp.*, 772 F. Supp. 3d 784 (N.D. Ill. 2024) (putative class action where all four named plaintiffs were Illinois residents); *AL & PO Corp.*, 2015 WL 738694 (involving a single class representative, who was based in Illinois); *O'Connor v. RealPage Inc.*, 2022 WL 1487374 (N.D. Ill. May 11, 2022) (same); *Shirley v. Reynolds Consumer Prods., LLC*, 636 F. Supp. 3d 907, 910, 916 (N.D. Ill. 2022) (same); *Dale v. Deutsche Telekom AG*, 2022 WL 6123365, at *3 (N.D. Ill. Oct. 7, 2022) (deferring to plaintiff's choice of forum where "only one named Plaintiff resides in [the Northern District of Illinois],

3

[but] the rest live nearby" in Illinois and Indiana)).)  To the contrary, where, as here, "the conduct and events giving rise to a cause of action did not take place in the plaintiff's selected forum, the plaintiff's choice of forum has minimal value."  (Mot. at 6 (quoting *Preston v. Am. Honda Motor Co., Inc.*, 2017 WL 5001447, at *3 (N.D. Ill. Nov. 2, 2017)).)  That Plaintiffs' Consolidated Amended Complaint omits certain Plaintiffs previously named in this Action and adds new Plaintiffs, none of whom reside in Illinois, further underscores that this case has no special relationship with this District.  (*See* ECF No. 93 ¶¶ 31-102.)

Second, Plaintiffs claim that this Action contains allegations of "key conduct [that] occurred in Illinois" and is the "home forum" for *one* named Plaintiff.  (Opp. at 4.)  But the supposed "key conduct" is limited to a single named Plaintiff's alleged rental of hotel rooms in this District, out of a total of *eighteen* named Plaintiffs who are alleged to have rented hotel rooms in, and reside in, various states around the country.  (*See* ECF No. 93 ¶¶ 31-102.) Plaintiffs do not—and cannot—explain why one named Plaintiff's conduct or residency in Illinois takes any special precedence, especially when Plaintiffs seek to represent a class of consumers who were allegedly harmed across the country.  (*See* ECF No. 93 ¶ 863.)  Plaintiffs argue that the need to travel to the Northern District of California would hinder the ability of the one named Plaintiff who resides in this District to serve as an effective class representative. (Opp. at 6.)  But if that were true, it would likewise hinder the two California Plaintiffs' ability to serve as effective class representatives if they had to travel to this District—halfway across the country—rather than another district within their home state.

For the same reason, Plaintiffs' emphasis on one Defendant being a resident of Illinois— despite the geographically disparate residencies of the remaining six Defendants—is misplaced. Thus, "in the absence of a clear indication that the cause of action bears any significant

relationship to Illinois, plaintiffs' choice of forum is not enough by itself to prevent transfer." *Dean Foods*, 2000 WL 1557915, at *2.

*No one jurisdiction is the situs of material events alleged in this Action.* In a case alleging a nationwide conspiracy involving actors across the country, no particular jurisdiction is the situs of material events. (Mot. at 7-8.) In fact, the authorities Plaintiffs cite confirm this point. (Opp. at 4, 6-7 (citing *Dean Foods*, 2000 WL 1557915, at *3 ("[M]ost of the events giving rise to this cause of action took place all over the country . . . [and] there is no indication [] that most of the material events occurred in . . . any singular place."); *Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 836 (N.D. Ill. 2004) ("In this case, the events material to the various claims took place in many different locations. Accordingly, the location of the material events is not dispositive."); *Dale*, 2022 WL 6123365, at *4 ("Determining where [the alleged anticompetitive conduct] 'occurred' may be a fool's errand, because the allegations concern nationwide patterns of conduct."))).) Plaintiffs' claim that *one* defendant's residency in this District is "dispositive" as to this factor (Opp. at 8) is unconvincing and unsupported.

*The relative ease of access to sources to proof is a neutral factor.* Plaintiffs concede that "there is consensus in this District that e-discovery renders this factor less important in the overall § 1404(a) analysis" (Opp. at 9), but nonetheless argue that the Illinois residencies of one named Plaintiff and one Defendant weigh against transfer. They do not. As Plaintiffs admit elsewhere in the Opposition, if this case were to enter discovery, "Defendants may collect, review, and cull relevant documents once and produce them to Plaintiffs . . . with the click of a button." (*Id*. at 13.)

*Transfer greatly increases convenience for a number of parties and prospective witnesses in this Action.* If this Action and the California Actions proceed in different

5

jurisdictions, several Defendants who are named in both Actions will be forced to litigate in—

and regularly travel to—both Illinois and California to defend against substantively similar

claims.  Plaintiffs argue that this District is more convenient for Defendants "because each is

headquartered closer to Illinois than California." (Opp. at 10.)  But Plaintiffs' focus on

geographic proximity misses the mark—the inconvenience Defendants (and their counsel) seek

to avoid is not of a *longer* flight, but of *two* flights.

Plaintiffs attempt to minimize the clear conveniences to be gained through transfer by

arguing that Defendants have not identified individual witnesses for whom transfer would be

more convenient.  (Opp. at 9-10.)  But this Action is at an early stage; the only substantive filings

so far are a complaint and an amended complaint.  In all events, based on the overlap in legal

theories and factual allegations across this Action and the California Actions, it is a near

certainty that many of Defendants' prospective witnesses will be the same in both Actions.  (*See*

Mot. at 9.)  Allowing both Actions to proceed in one jurisdiction will alleviate the burdens faced

by these prospective witnesses, including the burden associated with potentially traveling to and

providing similar testimony in two different jurisdictions.  (*See id*. at 8-9.)

Finally, Plaintiffs argue that "the mere pendency of a similar action pending elsewhere

does not justify a transfer," but cite only one out-of-district authority in support of this

proposition.  (Opp. at 10-11.)  To the contrary, courts in *this* District have determined that the

pendency of a similar action in another jurisdiction is a strong consideration in favor of transfer.

*See Dean Foods*, 2000 WL 1557915 (granting transfer to district where similar action was

pending); *Perry v. Cable News Network, Inc*., 2014 WL 4214873 (N.D. Ill. Aug. 25, 2014)

(granting transfer to a district where a similar suit was pending and stating: "The existence of

related litigation in the proposed transferee forum is a significant factor in favor of transfer.

Cases should be transferred to districts where related actions are pending. The cases need not be identical, but instead must have common questions of law and fact." (internal quotation marks and citations omitted)); *see also* Mot. at 10-11 (citing additional cases). The convenience of parties and witnesses to be gained thus strongly favors transfer.

## II. Transfer to the Northern District of California Will Serve the Interests of Justice by Conserving Scarce Judicial Resources

Plaintiffs do not contest—and, indeed, their cited authorities recognize—that where "[two] cases involve similar issues and stem from the same factual basis and it would be wasteful of time, energy and resources to permit both to go on simultaneously," transfer is warranted to ensure "[j]udicial resources [are not] needlessly expended." *Dean Foods*, 2000 WL 1557915, at *5; *see also* Mot. at 10-11. Instead, Plaintiffs try to parse out differences between this Action and the California Actions. (Opp. at 12.) But the distinctions Plaintiffs emphasize do not alter the fundamental similarities between this Action and the California Actions, both of which allege the same supposed conspiracy in violation of Section 1 of the Sherman Act, based on the same purported conduct by a group of hotels, involving the same revenue management software product, and causing the same alleged injury to hotel consumers in overlapping geographic markets. (*See* Mot. at 3-4.) In light of these similarities, it is plain that the Actions are closely related to each other.

***Transfer will conserve scarce judicial resources.*** Plaintiffs focus on three differences between this Action and the California Actions in arguing against transfer: "distinctions in the named plaintiffs, named defendants, and alleged classes and relevant markets." (Opp. at 13.) None of these distinctions affects "the substance of [the] claim" alleged in both Actions, which "controls" the analysis here. *Preston*, 2017 WL 5001447, at *7 (noting "full identity of the claims is not required" and granting transfer).

First, the distinctions in named plaintiffs are inconsequential because both this Action and the California Actions are putative nationwide class actions. The identity and/or residencies of the named Plaintiffs are thus unrelated to the determination of the legal issues in either Action. *See Perry*, 2014 WL 4214873, at *4 (granting transfer to another district where a pending case involved "similar legal and factual questions" notwithstanding "different classes and different defendants" in both cases).

Second, the distinctions in the named hotel Defendants are similarly irrelevant to determining whether the alleged conduct—which centers on Defendants' use of the same IDeaS software product (*see* Mot. at 3-4)—constitutes a violation of the Sherman Act. Contrary to Plaintiffs' assertion (Opp. at 12), the presence of two additional hotel Defendants in this Action does not negate the efficiency gains for the five Moving Defendants and for the Court. And though Plaintiffs repeatedly emphasize that the two Defendants who are not named in the California Actions have not joined this Motion (Opp. at 10, 12), neither of those Defendants opposes the relief sought in this Motion (*see* Mot. at 1 n.1). In any event, Plaintiffs' asserted position would allow plaintiffs in a putative nationwide class action to avoid transfer to another jurisdiction where a substantially similar action is pending by simply adding additional defendants (or adjusting the named plaintiffs). Rejecting transfer based on such distinctions would elevate form over substance and result in inefficiency for parties, witnesses, and the judicial system itself.

Third, the differences in the alleged classes and relevant markets across the two Actions are merely differences in scope, not in substance. Plaintiffs emphasize that this Action is limited to "extended stay hotels" (Opp. at 12), but that simply represents a sub-set of the hotels that are *also* at issue in the California Actions. Because the proposed product market and proposed class

8

in the California Actions encompass the product market and proposed class in this Action, it would be far more efficient for one court to oversee both Actions. *See De Falco v. Vibram USA, Inc.*, 2013 WL 1122825, at *10 (N.D. Ill. Mar. 18, 2013) (granting transfer to another district where a pending first-filed action was "substantially similar to the instant case" and "[t]he parties and claims in [both actions] are so similar that it would be wasteful and duplicative to have two different courts familiarize themselves with the controversy").

Plaintiffs claim that overlapping discovery is not a reason to transfer this Action because Defendants can readily produce documentary discovery to Plaintiffs in both this Action and the California Actions. (Opp. at 13.) Setting aside document production, Plaintiffs fail to address a host of other discovery-related items that would be significantly streamlined as a result of transfer, such as coordinating fact and expert depositions, negotiation of confidentiality orders and ESI protocols, and case management plans themselves. (*See* Mot. at 8-9.) Transfer would thus "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, counsel and judiciary." *Dean Foods*, 2000 WL 1557915, at *5.

***With transfer, only one court needs to gain familiarity with applicable law.*** Plaintiffs mischaracterize Defendants' argument with respect to this factor, suggesting that Defendants are ignoring that "federal courts are equally competent to apply the same federal law." (Opp. at 14.) But that is a strawman: the Motion raises no issue of judicial *competence*. (*See* Mot. at 11-12.) Rather, the question is one of *efficiency*; and determining what would be most efficient for the judicial system is not a close question. The California Actions are much further along—by the time motions to dismiss are filed in this Action, motions to dismiss in the California Actions will have been fully briefed, oral argument will have occurred, and the judge overseeing those matters already will have had the opportunity to familiarize himself with the applicable law and

9

relevant factual allegations.  While of course this Court *could* familiarize itself with the same universe of information, Plaintiffs have provided no coherent justification for why it *should* need to do so.

Plaintiffs also claim that Defendants failed to address the likely speed with which the cases may progress.  (Opp. at 14.)  This is incorrect: the Motion explicitly notes that the California Actions are further along than this Action.  (Mot. at 11.)  Indeed, oral argument on the California motions to dismiss is scheduled to take place *before* Defendants here are expected to file opening briefs on their motion(s) to dismiss.  Thus, regardless of the *median* time to disposition of motions across the Northern District of Illinois and the Northern District of California—which, as the opposition notes, is only a one-month difference (Opp. at 15)—in the circumstances here, transfer of this Action may result in *quicker* disposition, given that Judge White already will be steeped in the relevant law and facts.

***The relation of the community to the dispute is a neutral factor.***  Plaintiffs claim that "the desirability of resolving controversies in their locale and the relationship of the forum to the occurrence at issue" weighs against transfer.  (Opp. at 15.)  But the Northern District of Illinois is not the "locale" of the controversy.  As Defendants explained in their Motion, a putative class action that is "national in scope" has "no compelling community interest that would be preserved by selection of one venue over another."  (Mot. at 12 (citing *Rosen*).)

In light of the strong judicial efficiencies to be gained by having both Actions proceed in the same district, the interests of justice would be served by granting transfer.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court transfer this Action to the Northern District of California.

Dated: November 25, 2024

Respectfully submitted,

*/s/ Tammy L. Adkins*

*/s/ Brian J. Smith*

Tammy L. Adkins (IL 6230732)
**MCGUIRE WOODS LLP**
77 West Wacker Drive
Suite 4100
Chicago, IL 60601
Telephone: (312) 750-5727
Facsimile: (312) 849-3690
tadkins@mcguirewoods.com

Jarrett Arp (N.D. Ill. 444201)
Mari Grace (N.D. Ill. 5074893)
**DAVIS POLK & WARDWELL LLP**
901 15th Street, NW
Washington, DC 20005
Telephone: (202) 962-7020
Facsimile: (202) 962-5642
jarrett.arp@davispolk.com
mari.grace@davispolk.com

Neal Potischman (N.D. Ill. 254862)
**DAVIS POLK & WARDWELL LLP**
1600 El Camino Real
Menlo Park, CA 94025
Telephone: (202) 962-7020
Facsimile: (202) 962-5642
neal.potischman@davispolk.com

Tina Hwa Joe (N.D. Ill. 5219217)
**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-3541
Facsimile: (212) 701-6541
tina.joe@davispolk.com

*Attorneys for Defendant Hilton Domestic
Operating Company Inc.*

Michael E. Martinez (N.D. Ill. 6275452)
Lauren Nicole Norris Donahue (N.D. Ill. 6294505)
Brian J. Smith (N.D. Ill. 6321543)
John E. Susoreny (N.D. Ill. 6284095)
**K&L GATES LLP**
70 W. Madison St., Suite 3300
Chicago, Illinois 60602
T: 312.372.1121
michael.martinez@klgates.com
lauren.donahue@klgates.com
brian.j.smith@klgates.com
john.susoreny@klgates.com

Derek Sutton (*pro hac vice*)
**K&L GATES LLP**
301 Hillsborough St Suite 1200 Ste 1200
Raleigh, North Carolina 27603
T: 919.743.7331
derek.sutton@klgates.com

*Counsel for Defendants SAS Institute, Inc. and
IDeaS, Inc.*

11

| | |
|---|---|
| /s/ Douglas E. Litvack | /s/ Ann H. MacDonald |

Douglas E. Litvack (pro hac vice)
Lindsay Harrison (pro hac vice)
**Jenner & Block LLP**
1099 New York Ave., NW Suite 900
Washington, DC 20001
T: (202) 637-6357
dlitvack@jenner.com
lharrison@jenner.com

Andrianna Deanne Kastanek

**Jenner & Block LLP**
353 N. Clark St.
Chicago, IL 60654
T: 312-840-7285
akastanek@jenner.com

*Counsel for Defendant Hyatt Corporation*

Ann H. MacDonald
Kylie S. Wood
**ArentFox Schiff LLP**
233 S. Wacker Dr. Ste 7100
Chicago, IL 60606
T: 312-258-5548
F: 312-258-5600
Ann.Macdonald@afslaw.com
Kylie.Wood@afslaw.com

Suzanne L Wahl
**ArentFox Schiff LLP**
350 S. Main Street Suite 210
Ann Arbor, MI 48104
T: 734-222-1517
F: 734-222-1501
Suzanne.Wahl@afslaw.com

*Counsel for Defendant Wyndham Hotels & Resorts, Inc.*

**CERTIFICATE OF SERVICE**

I, Brian J. Smith, an attorney, certify that a copy of the foregoing document was filed via CM/ECF and served via electronic mail through the CM/ECF system on November 25, 2024, upon all counsel of record.

*/s/ Brian J. Smith*

Brian J. Smith

*Counsel for Defendants SAS Institute Inc. and IDeaS, Inc.*